UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**  [IN CHAMBERS] ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS

Plaintiff Gem & I Corporation ("Plaintiff") filed a complaint against Defendants Disney Consumer Products, Inc., Global Design Concepts, Inc., and Juicy Couture, Inc., and Does 1-10. Defendant Disney Consumer Products ("Defendant DCP") filed a Motion to Dismiss, or In the Alternative, For More Definite Statement ("Motion") under Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6). After considering all arguments and papers submitted, the Court GRANTS in part and DENIES in part the Motion.

**BACKGROUND**

Plaintiff has filed a complaint alleging seven claims, numbered as follows: (1) breach of contract, against DCP; (2) fraud, against DCP; (3) intentional interference with contract, against DCP; (4) intentional interference with prospective economic advantage, against DCP; (5) breach of written contract, against GDC; (6) patent infringement, against DCP; and (7) patent infringement, against Juicy Couture. Defendant DCP has moved to dismiss all five claims against it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

The Court takes its facts from the Complaint and, as it must for this Motion, assumes them to be true.  Plaintiff is a corporation formed under the laws of California and owned principally by Lisa and Christopher Landay.  (Compl. at ¶ 1.)  Lisa Landay ("Landay") is an experienced designer in the apparel and retail market.  (Compl. at ¶ 11.)  In 2002, Landay designed a prototype of the Pack 'N Wrap, which has pockets and is designed to cover a sleeping bag or blanket, for kids to bring on sleepovers.  (Compl. at ¶ 12.)  In 2005, Landay filed a patent application and in February 2007 was issued Patent No. 7,171,707 for the Pack 'N Wrap.  (Compl. at ¶ 14.)  In 2006, before the patent issued, Landay was introduced to DeAnne Abraham, a Disney executive and key buyer for Disney's indoor products division.  (Compl. at ¶ 17.)  Landay gave Abraham a proposed mock-up of the Pack 'N Wrap customized for Disney.  (Compl. at ¶ 17.)  Landay informed Abraham that Plaintiff had a patent application pending for the Pack 'N Wrap. (Compl. at ¶ 17.)  Abraham informed Landay that Plaintiff would need to work with Disney-approved manufacturing vendors.  (Compl. at ¶ 18.)  Landay and Abraham "understood that Gem & I would participate and be compensated if Disney pursued the Pack 'N Wrap."  (Compl. at ¶ 18.)  Landay then sent a sample to Abraham.  (Compl. at ¶ 18.)  But Disney "decided to take the invention for itself and make its own Pack 'N Wrap products without Gem & I's permission, without paying Gem & I and without informing Gem & I."  (Compl. at ¶ 19.)   When Landay attempted to contact three Disney-approved vendors, she was unable to get in touch except for one short conversation.  (Compl. at ¶ 20.)  Plaintiff believes that Disney had "instructed . . . [the] vendors not to do business with Gem & I on Pack 'N Wrap products."  (Compl. at ¶ 20.)

Landay met with two other Disney-approved investors in March 2006 in New York.  (Compl. at ¶ 21.)  The vendors were Li & Fung and GDC.  (Compl. at ¶ 21.)  Li & Fung informed Landay that they would not work with Plaintiff "primarily because of a conversation [Li & Fung] had had with Deanne Abraham from Disney."  (Compl. at ¶ 23.)  After Plaintiff met with GDC, they signed a written letter of intent.  (Compl. at ¶ 26.)  Among other terms, the Letter of Intent stated that Plaintiff and GDC would "negotiate in good faith a definitive written licensing agreement within 90 days of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1051 AG (RNBx)** | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

entering" the Letter of Intent.  (Compl. at ¶ 28.)  GDC never sent Plaintiff a written licensing agreement.  (Compl. at ¶ 31.)  When Plaintiff sent GDC a draft licensing agreement, GDC did not sign it and did not respond.  (Compl. at ¶ 31.)  Plaintiff alleges that "the reason for GDC's silence and sudden loss of interest was the same reason why Li & Fung felt unable to work with Gem & I: Disney used its power as GDC's 'boss' to prevent it from going forward with Gem & I."  (Compl. at ¶ 31.)  In 2008 and 2009, Disney sold "its own infringing girls' and boy's sleepover packs," and Juicy Couture also sold similar packs.  (Compl. at ¶ 32-36.)  Plaintiff first became aware of the allegedly infringing Disney products on July 26, 2008 when Landay's sister-in-law saw one of Disney's sleepover packs in a store.  (Compl. at ¶ 38.)

## PRELIMINARY MATTERS

To support arguments made concerning the Motion, Defendant DCP requests that the Court take judicial notice of the following documents: (1) Photographs of the DCP "High School Musical" Plush Throw with Travel Wrap product accused by Plaintiff of patent infringement; (2) Photographs of the DCP "Camp Rock" Plush Throw with Travel Wrap product accused by Plaintiff of patent infringement.

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records."  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).  Facts subject to judicial notice may be considered on a motion to dismiss.  *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Here, Plaintiff has disputed the authenticity and accuracy of the photographs.  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

finds that the photographs are subject to reasonable dispute and are not capable of accurate and ready determination. The documents at issue do not meet the requirements of Rule 201, and the request for judicial notice is DENIED.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

To comply with Fed. R. Civ. P. 9(b), a plaintiff must plead "with particularity" the time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1051 AG (RNBx)** | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 & n.7 (9th Cir. 1994) (en banc); *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 405 (9th Cir. 1991); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (holding that Rule 9(b) requires a plaintiff to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"). Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Dismissal for failure to comply with Rule 9(b) "should ordinarily be without prejudice . . . if it appears at all possible that the plaintiff can correct the defect." *Id.* at 1108 (internal quotation marks and citation omitted).

## ANALYSIS

Defendant DCP moves to dismiss claims 1, 2, 3, 4, and 6, which are all the claims against it. Defendant DCP argues that all five claims fail to sufficiently allege a claim under Rule 12(b)(6) and that claims 1, 2, 3, and 4 are time-barred. The Court considers the statute of limitations argument first and then turns to the other arguments.

### 1.     STATUTE OF LIMITATIONS

Defendant DCP argues that Plaintiff's claims 1, 2, 3, and 4 are time-barred. (Motion at 2:13-18.) Defendant DCP argues that Plaintiff was aware of the underlying facts in 2006, when the New York vendors allegedly told Plaintiff that Defendant DCP prevented them from working with Plaintiff. (Motion at 2:14-15.) Therefore, Defendant DCP argues, the statute of limitations began to run in March 2006 and the first four claims are time-barred. Plaintiff counters that it is protected by the delayed discovery rule. (Opp'n at 4:1-11.) "A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

cause of action accrues when the claim is complete with all its elements. . . . Although this ordinarily occurs on the date of the plaintiff's injury, accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." *Slovensky v. Friedman*, 142 Cal.App.4th 1518, 1528-29 (2006). "A common thread seems to run through all the types of actions where courts have applied the discovery rule. The injury or the act causing the injury, or both, must have been difficult for the plaintiff to detect." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc*., 522, F.3d 1049, 1055 (9th Cir. 2008) (quoting *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal.App.4th 1236, 1246-47 (1998)).

### 1.1 Claim 1, Breach of Contract

Plaintiff's first claim is "based on the implied agreement that if Disney pursued the Pack 'N Wrap, Gem & I would be included in the project and would be fairly compensated for the reasonable value of its contribution." (Opp'n at 4:23-25.) Plaintiff alleges that it did not know Disney had pursued its own version of the Pack 'N Wrap until July 26, 2008. (Compl. at ¶ 38, 39.) Plaintiff filed this lawsuit on July 12, 2010, slightly less than two years after discovering the Defendant DCP sleepover pack.

The delayed discovery rule applies here. As alleged by Plaintiff, before July 2008, Plaintiff did not have "reason to discover," *Slovensky*, 142 Cal.App.4th 1528-29, that Defendant DCP was pursuing its own version of the Pack 'N Wrap. In 2006, Plaintiff knew that Defendant DCP might have instructed certain vendors not to work with Plaintiff, but it would have been difficult for Plaintiff to detect that Disney had started making its own product. The statute of limitations for breach of an implied contract is two years and Plaintiff did not have reason to discover the basis for this claim until July 2008. Thus, Plaintiff's claim for breach of implied contract was timely when the complaint was filed in July 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

Plaintiff's first claim, for breach of contract, is not barred by the statute of limitations. But the Court will also consider in Section 2 Defendant's other arguments supporting dismissal of this claim.

### 1.2 Claim 2, Fraud

"Pursuant to California Code of Civil Procedure § 338(d), there is a three-year statute of limitations for '[a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.'" *Platt*, 522 F.3d at 1054.

The key fact in Plaintiff's fraud claim is that Defendant DCP did manufacture its own version of the Pack 'N Wrap despite "assuring Gem & I that Disney wanted to partner with Gem & I on the Pack 'N Wrap." (Compl. at ¶ 48.) Until Plaintiff discovered Defendant DCP's own product, Plaintiff was unaware of the facts constituting its fraud claim. Plaintiff made the discovery of Defendant DCP's product in July 2008 and the complaint was filed in July 2010, within the three-year statute of limitations.

Plaintiffs second claim, for fraud, is not barred by the statute of limitations. But, as with Claim 1, the Court will also consider in Section 2 Defendant's other arguments supporting dismissal of this claim

### 1.3 Claim 3, Intentional Interference With Contract

Plaintiff alleges that it had a "contractual relationship with GDC, with the probability of future economic benefit to Gem & I." (Compl. at ¶ 55.) Plaintiff alleges that, in 2006, GDC backed out of the alleged contract because "Disney used its power as GDC's 'boss' to prevent it from going forward with Gem & I." (Compl. at ¶ 31.) Another vendor, Li & Fung, told Plaintiff in 2006 that "Disney did not want Li & Fung doing a deal with Gem

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1051 AG (RNBx)** | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

& I." (Compl. at ¶ 24.)

Plaintiff had reason to suspect in 2006 that Defendant DCP was interfering with its alleged agreement with GDC. When GDC did not respond to Plaintiff's attempts to finalize a contract, Plaintiff "at least ha[d] reason to suspect a factual basis for" a claim for intentional interference with contract by Defendant DCP. *Slovensky*, 142 Cal.App.4th at 1528 (2006). "So long as there is reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." *Id.* at 1529. Plaintiff knew of Defendant's DCP alleged interference with Li & Fung, a vendor just like GDC, and therefore had reason to suspect similar conduct with GDC.

In 2006, Plaintiff had reasonable ground for suspicion that Defendant DCP was intentionally interfering with the alleged contract with GDC and this claim accrued at that time. The statute of limitations for this claim is two years. Therefore, the statute of limitations expired in 2008, but Plaintiff did not file this lawsuit until 2010.

Defendant's Motion to Dismiss the third claim under the statute of limitations is GRANTED.

### 1.4    Claim 4, Intentional Interference With Prospective Economic Advantage

Plaintiff's fourth claim is similar to its third claim. Plaintiff alleges that Defendant DCP intentionally interfered with Plaintiff's prospective economic advantage it could have gained from doing business with both Li & Fung and GDC. (Compl. at ¶ 67.)

But in 2006, Plaintiff had reasonable ground for suspicion that Defendant DCP was intentionally interfering with its business dealings with Li & Fung and with GDC, as discussed in Section 1.3. This claim accrued at that time, and the statute of limitations is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1051 AG (RNBx)** | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

two years.  Plaintiff's claim for intentional interference with prospective economic advantage was time-barred when Plaintiff filed its complaint in 2010.

Defendant's Motion to Dismiss the fourth claim under the statute of limitations is GRANTED.

### 1.5     Conclusion

The Court dismisses claims 3 and 4 for being time-barred.  The Court now considers Defendant DCP's Motion to Dismiss claims 1, 2, and 6 under Rule 12(b)(6).

## 2.     OTHER RULE 12(b)(6) ARGUMENTS

In addition to its statute of limitations arguments, Defendant DCP also argues that Plaintiff failed to state a claim under the pleading standards of Rule 12(b)(6) and *Iqbal/Twombly*.

### 2.1     Claim 1, Breach of Contract

Plaintiff's first claim is for breach of an implied contract that if Defendant DCP pursued the Pack 'N Wrap, Plaintiff would be included in the project and fairly compensated. (Compl. at ¶ 43-45.)  Plaintiff alleges that Defendant breached that contract "when it took, copied, and exploited Gem & I's invention, products, and ideas for its own use without Gem & I's consent, and failed to provide Gem & I with the benefits of the valuable matters taken by Disney."  (Compl. at ¶ 45.)

"To establish a *Desny* [*v. Wilder*, 46 Cal.2d 715 (1956)] claim for breach of implied-in-fact contract, the plaintiff must show that the plaintiff prepared the work, disclosed the work to the offeree for sale, and did so under circumstances from which it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004).

Plaintiff has alleged sufficient facts to state a claim for breach of implied contract under the *Grosso* standard. Plaintiff alleges that Landay created the Pack 'N Wrap (Compl. at ¶ 12), that Landay disclosed information about the Pack 'N Wrap to Defendant DCP (Compl. at ¶ 42), that Landay spoke several times with DeAnne Abraham about a potential partnership (Compl. at ¶¶ 18, 41, 42), that Landay informed Disney Plaintiff had a patent pending for the design (Compl. at ¶ 17), and that Plaintiff and Defendant DCP both "fully and completely understood" with "bilateral expectation" that Plaintiff would be compensated if Defendant DCP pursued the idea (Compl. at ¶ 43). Plaintiff alleges sufficient facts, particularly about who spoke to whom, the general time frame, and what information was conveyed, to state a claim for breach of contract under the *Iqbal* standard.

Defendant's Motion to Dismiss the first claim is DENIED.

### 2.2   Claim 2, Fraud

Defendant argues that Plaintiff second claim, for fraud, fails under Rule 12(b)(6) and under Rule 9(b). The claim is actually for fraudulent concealment. ("Disney fraudulently concealed its true intentions. . . .") (Compl. at ¶ 48.) As a claim sounding in fraud, it must be stated with particularity. Under *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal.App.4th 603, 612-13 (1992), the elements of an action "for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Here, Plaintiff has not alleged a duty of Defendant DCP to disclose the relevant fact to Plaintiff.

Further, this claim essentially alleges that Defendant DCP fraudulently concealed its plans to breach the implied contract, which is repetitive of Claim 1 and would turn a contract claim into a tort claim. *See Richardson v. Reliance Nat. Indem. Co.*, No. C 99-2952 CRB, 2000 WL 284211, at * 5 (N.D.Cal. Mar. 9, 2000) ("Under plaintiff's theory, every breach of contract would support a claim of fraud so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep her promise. Plaintiff provides no support for such an exception to the strictures of 9(b)."). Plaintiff has not clearly alleged a claim for affirmative misrepresentations or promissory fraud.

Defendant's Motion to Dismiss the second claim is GRANTED.

### 2.3     Claim 6, Patent Infringement

Plaintiff owns Patent Number 7,171,707 for a "Portable Rollup Pack." (Compl. at ¶ 80.) Plaintiff alleges that Defendant DCP infringed on the patent with its "Plush Throw with Travel Wrap." (Compl. at ¶ 82.)

Defendant argues that the Court should "simply compare the Accused Products to the '707 Patent and find non-infringement as a matter of law." (Motion at 9:22-23.) Alas, it is not that simple. Plaintiff alleges that Defendant has designed and sold multiple versions of their accused product. (Compl. at ¶¶ 33-34.) The Court declined to take judicial notice of several pictures of purported products by Defendant DCP and therefore looks only to Plaintiff's pleadings. Plaintiff has alleged sufficient facts to state a claim for patent infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

Defendant's Motion to Dismiss the sixth claim is DENIED.

### 4. MOTION FOR A MORE DEFINITE STATEMENT

A motion for a more definite statement under Rule 12(e) is appropriate if the pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. P. 12(e). Thus, a Rule 12(e) motion properly attacks the unintelligibility of a pleading and not merely the lack of detail. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing Schwarzer, et al., Federal Civil Procedure 9:349 for proposition that "a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading."). Accordingly, if the information sought in a motion for a more definite statement is obtainable through discovery, the motion should be denied. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Parties are expected to use discovery, not the pleadings, to learn the specifics of claims being asserted.").

Defendant DCP raises the alternative Motion for a More Definite Statement in its caption but nowhere else. Since Defendant DCP was able to frame a thorough Motion to Dismiss, the Motion for a More Definite Statement is inappropriate. The Court DENIES the alternative Motion for a More Definite Statement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 10-1051 AG (RNBx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | GEM & I PRODUCTS, INC. v. DISNEY CONSUMER PRODUCTS, INC., GLOBAL DESIGN CONCEPTS, INC., JUICY COUTURE, INC., AND DOES 1-10. | | |

**DISPOSITION**

Defendant's Motion to Dismiss is GRANTED as to claims 2, 3, and 4 with leave to amend. Defendant's Motion to Dismiss is DENIED as to claims 1 and 6. Defendant's Motion for a More Definite Statement is DENIED. Plaintiff may file any amended complaint by February 7, 2011.

: 0

Initials of Preparer

lmb